IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-02385-PAB-SKC

NICHOLAS N. KAZARINOFF, and
LINDA COYOTE KAZARINOFF,

        Plaintiffs,

v.

JEFFREY R. WILSON,
TODD WEAVER,
WARREN BROWN,
ALVIN SCHAFF,
RONNIE MAEZ,
JOHN DOES 1–3,
SEAN SMITH,
THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ARCHULETA,
and
THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LA PLATA,

        Defendants.

---

## ORDER

---

    This matter comes before the Court on the Recommendation of United States Magistrate Judge S. Kato Crews [Docket No. 45] issued on November 21, 2023.  Judge Crews recommends that the Court grant Defendant Wilson's Motion to Dismiss [Docket No. 11], grant the La Plata County Defendants' Motion to Dismiss [Docket No. 13] filed by defendants John Does 1–3, Sean Smith, and the Board of County Commissioners of the County of La Plata (the "La Plata County defendants"), and deny the Motion to Dismiss [Docket No. 29] filed by defendants Todd Weaver, Warren Brown, Alvin Schaff, Ronnie Maez, and the Board of County Commissioners of the County of Archuleta (the "Archuleta County defendants").  Docket No. 45 at 5.  The Archuleta County defendants

filed an objection on December 5, 2023.  Docket No. 51.  Plaintiffs filed neither an objection nor a response to the Archuleta County defendants' objection.

## I.  BACKGROUND[1]

Plaintiffs filed their *pro se* complaint on September 15, 2022.  Docket No. 1 at 1. The complaint alleges that the plaintiffs purchased real property in Pagosa Springs, Colorado in 2009.  *Id.* at 4, ¶ 16.  The previous owner of the property, who had owned the property since 1985, "indicated that at some point she had given a representative from the Aspen Springs Metropolitan District ('ASMD') verbal permission to use a portion of [the property] as a turnaround," and "[t]his verbal agreement was never mentioned to Plaintiffs."  *Id.* at 5, ¶ 17.  "Beginning in 2017 and lasting until late 2019, several public servants of Archuleta County made multiple demands that a portion of Plaintiffs' private property be made available for public use."  *Id.* at 2, ¶ 1.  In 2019, Archuleta County filed suit in state court against the plaintiffs, claiming a legal right to ownership by adverse possession of a portion of their property.  *Id.* at 2, ¶ 2.

Plaintiffs hired an attorney to represent them in the state case.  *Id.* at 8, ¶ 29.  In April 2021, Archuleta County offered to withdraw the case if plaintiffs agreed not to seek their attorney fees or damages.  *Id.*  Plaintiffs rejected the offer, prompting the plaintiffs' attorney to seek withdrawal, which the state court allowed.  *Id.*

The case proceeded to trial.  *Id.*, ¶ 30.  Plaintiffs allege that, "[o]n or about August 30th, 2021, trial . . . was held at the La Plata County [C]ourthouse.  Plaintiffs attempted to exercise their right to access to [sic] the court but were barred entry by Defendants

---

[1] The facts below are taken from plaintiffs' complaint, referred to hereafter as "the complaint," Docket No. 1, and are presumed to be true, unless otherwise noted, for purposes of ruling on the motions to dismiss.

John Does 1–3." *Id.*  "Defendant Wilson, the presiding judge, was aware that Plaintiffs were at the courthouse trying to access the court.  Instead of ordering that Plaintiffs be allowed access to the court, Defendant Wilson barred Plaintiffs and continued the trial without Plaintiffs present."  *Id.*, ¶ 31.  At trial, Judge Wilson found in favor of Archuleta County.  *Id.*  Following the trial, Judge Wilson ordered that the disputed property be seized under "adverse possession pursuant to CRS 43-2-101(1)(c)" and granted a permanent injunction preventing the plaintiffs from interfering with travel on the portion of the property that had been seized.  *Id.* at 9, ¶ 32.

Plaintiffs further allege that "(1) Defendants Brown, Schaff, and Maez were given regular open litigation updates regarding the [state case] by Defendant Weaver; (2) Defendants Brown, Schaff, and Maez authorized the continued litigation of the [State Case]; [and] (3) Defendant Maez, when asked what he thought about the resulting judgment of the [state case], replied that what was done to Plaintiffs was 'a good thing'." *Id.* at 10, ¶ 39.

On September 15, 2022, plaintiffs filed an eight-count complaint against the defendants, in their individual and respective official capacities, claiming that they violated plaintiffs' federal constitutional rights under the Takings and Due Process Clauses.  *Id.* at 9–26, ¶¶ 35–100.  Judge Wilson, the La Plata County defendants, and the Archuleta County defendants each filed motions to dismiss.  Docket Nos. 11, 13, 29. Plaintiffs filed a response only to Judge Wilson's motion.  Docket No. 30.  Judge Crews issued a recommendation that the Court grant Judge Wilson's and the La Plata County defendants' motions to dismiss, but deny the Archuleta County defendants' motion. Docket No. 45 at 5.  Judge Crews found that the Archuleta County defendants "failed to

provide enough information for this Court to determine that issue preclusion applies, and the Archuleta Defendants' other arguments are woefully underdeveloped." *Id.* at 24. Judge Crews declined to develop legal arguments on the Archuleta County defendants' behalf or to parse the complaint for unidentified Rule 12(b)(6) deficiencies. *Id.* at 23–30. On November 29, 2023, the Archuleta County defendants filed a motion for reconsideration, Docket No. 47, which Judge Crews denied on November 30, 2023. Docket No. 49. The Archuleta County defendants filed an objection to the recommendation on December 5, 2023. Docket No 51. On December 12, 2023, plaintiffs filed a response to the Archuleta County defendants' motion for reconsideration, despite the motion having been denied on November 30. Docket No. 54. Plaintiffs did not object to Judge Crews's recommendation or file a response to the Archuleta County defendants' objection.

## II. LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *Gordanier v. Montezuma Water Co.*, No. 08-cv-01849-PAB-MJW, 2010 WL 935665, at *1 (D. Colo. Mar. 11, 2010) ("Timely objections to magistrate judge recommendations are reviewed de novo pursuant to Rule 72(b), rather than under the clearly erroneous/contrary to law standard applied to magistrate judge orders by Rule 72(a)."). De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation. *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995). As part of this review, the district court may, but is not required to, "receive further evidence." *See*

4

*Perkins v. Suzuki Motor Corp.*, No. 18-cv-00893-DDD-GPG, 2021 WL 5629067, at *7 (D. Colo. Feb. 19, 2021) (citing Fed. R. Civ. P. 72(b)).

An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059–61 (10th Cir. 1996) (citing *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.")). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.* at 1059 (citation omitted). "Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (unpublished). "Failure to [properly object] may result in waiver of the objections." *Id.*

Generally, arguments made for the first time to a reviewing court are deemed waived. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Waiver is considered to apply equally to arguments that are "inadequately presented." *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020). A court "is not required to consider arguments inadequately presented." *Elide Fire USA, Corp. v. Auto Fire Guard, LLC*, No. 21-cv-00943-WJM-KLM, 2022 WL 18777076, at *3 (D. Colo. Nov. 17, 2022) (citing *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007)). Instead, a party "must present his claims in a way that does not compel [the Court] to scavenge through

his brief for traces of argument."  *United States v. Fisher*, 805 F.3d 982, 991 (10th Cir. 2015) (citation omitted); *see also Halik v. Darbyshire*, No. 20-cv-01643-PAB-KMT, 2021 WL 4305011, at *2 (D. Colo. Sept. 22, 2021) (citing *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) ("The court will not consider . . . issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation."). "Allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."  *Cole v. New Mexico*, 58 F. App'x 825, 829 (10th Cir. 2003) (unpublished) (citation and alterations omitted).

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").  The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

No party objected to the parts of Judge Crews's recommendation that dismiss Judge Wilson or the La Plata County defendants, and the Court will review these parts of the recommendation to ensure there is "no clear error on the face of the record."  The Archuleta County defendants' motion was filed "pursuant to Fed. R. Civ. P. 12."  Docket

No. 29 at 2.  However, the motion also alludes to Federal Rule of Civil Procedure 8.
Docket No. 29 at 4.  As discussed below, the Court finds that the applicable legal
standard for the Archuleta County defendants' motion to dismiss is the Rule 12(b)(6)
standard.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege
enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . .
plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012)
(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court must "accept all
the well-pleaded allegations of the complaint as true and must construe them in the light
most favorable to the plaintiff." *Alvarado v. KOB TV, LLC*, 493 F.3d 1210, 1215 (10th
Cir. 2007).  However, if a complaint's allegations are "so general that they encompass a
wide swath of conduct, much of it innocent," then the plaintiff has not stated a plausible
claim.  *Id.* at 1191 (quotations omitted).  Thus, even though modern rules of pleading
are somewhat forgiving, "a complaint still must contain either direct or inferential
allegations respecting all the material elements necessary to sustain a recovery under
some viable legal theory*." Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)
(alterations omitted).  In light of plaintiffs' *pro se* status, the Court construes their filings
liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III.  ANALYSIS

The Court will first review Judge Crews's recommendation to grant Judge
Wilson's and the La Plata County defendants' motions to dismiss.  Docket No. 45 at 5.
No party has objected to Judge Crews's recommendation to grant these motions to
dismiss.  The Court has reviewed the recommendation to satisfy itself that there is "no

clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes.

Based on this review, the Court has concluded that the recommendation is a correct

application of the facts and the law and will grant Judge Wilson's and the La Plata

County defendants' motions to dismiss.

The Court turns next to the Archuleta County defendants' objection to Judge

Crews's recommendation that their motion to dismiss be denied.  In their objection, the

Archuleta County defendants make three arguments: (1) issue preclusion bars plaintiffs

from relief for claims one, two, four, and six[2]; (2) the Archuleta County defendants are

entitled to qualified immunity; and (3) claims two, four, seven, and eight do not adhere

to the pleading standards in Federal Rules of Civil Procedure 8 and 12.  Docket No. 51

at 3, 5, 10.  These are the same arguments Judge Crews found underdeveloped in the

Archuleta County defendants' motion to dismiss.  *See* Docket No. 48 at 23–30.

The objection does not identify a legal or factual determination made by Judge

Crews that was in error, but instead disputes the correctness of the magistrate's

recommendation.  Such a general objection is normally insufficient and has potentially

waived the Archuleta County defendants' arguments.  *Anson*, 296 F. App'x at 520.

Given the Archuleta County defendants' failure to object with specificity, on de novo

review of Judge Crews's recommendation, the Court finds that the appropriate legal

question is not whether the Archuleta County defendants have adequately cured the

---

[2] In their objection, the Archuleta County defendants also argue for the first time that issue preclusion applies to claims seven and eight.  Docket No. 51 at 3.  However, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also Maurer v. Idaho Dep't of Corr.*, 799 F. App'x 612, 614 n.1 (10th Cir. 2020) (unpublished).  As such, the Court will not consider issue preclusion as it applies to claims seven and eight.

deficiencies in their original motion through their objection.  Instead, the Court will consider whether the Archuleta County defendants have waived these arguments by inadequately presenting them to Judge Crews and insufficiently objecting to Judge Crews's recommendation.

### 1.  Federal Rules of Civil Procedure 8 and 12

In their motion to dismiss, the Archuleta County defendants asked the Court to dismiss the claims against them "for failure to state claims upon which relief can be granted, pursuant to Fed. R. Civ. P. 12."  Docket No. 29 at 2.  In the motion's standard of review section, the Archuleta County defendants cite *Twombly*, 550 U.S. at 544 and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), but also discuss Federal Rule of Civil Procedure 8(a)(2).  Docket No. 29 at 4 (citing *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983)).  In the final section of their motion, the Archuleta County defendants assert that plaintiffs "are not entitled to relief with regards to Claims 2, 4, 7 and 8 because they have not met the pleading standard pursuant to Fed. R. Civ. P. 8(a)(2)."  *Id.* at 8.  Defendants then cite *Twombly*, 550 U.S. at 544 and *Ashcroft*, 556 U.S. 662, for the proposition that "Fed. R. Civ. P. 8(a)(2) has been elucidated to require plaintiffs to state a claim to relief that is plausible on its face. This standard does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (citation and quotations omitted).  Given that *Twombly* and *Iqbal* concerned Federal Rule of Civil Procedure 12(b)(6), Judge Crews construed defendants motion "as making a Rule 12(b)(6) argument when it contends the Complaint fails to comply with Rule 8."  Docket No. 45 at 26.

In their objection, the Archuleta County defendants argue that plaintiffs' complaint does not comply with the requirements of Rule 8(a)(2) because the claims do not contain a short and plain statement showing that the pleader is entitled to relief and because the complaint fails to distinguish among multiple defendants, including on claims that could not apply to certain defendants.  Docket No. 51 at 10.  They further argue that plaintiffs' complaint fails to meet the pleading standard of Rule 12(b)(6).  *Id*. The Archuleta County defendants do not address whether Judge Crews made any error in declining to review their argument because it was inadequately made, nor do they address whether Judge Crews erred in analyzing their motion under Rule 12(b)(6) alone.

The Court agrees with Judge Crews that, under Rule 8 or Rule 12, the Archuleta County defendants' arguments were insufficiently developed.  Judge Crews found that the "Archuleta Defendants do not identify any elements of Claims 2, 4, 7, or 8 that lack sufficient factual allegations in the Complaint – they merely argue, without sufficient elucidation, that the Claims contain conclusory allegations and no allegations of fact." Docket No. 45 at 26.  Judge Crews determined that this argument, supported only by citations to paragraphs in the claim section, ignores the fact that plaintiffs' complaint contains a fact section which was incorporated by reference into each claim.  *Id*. at 26– 27.  Judge Crews declined "to parse the Complaint to determine exactly how Plaintiffs' claims might fail under Rule 12(b)(6) (or Rule 8) in the absence of the Archuleta Defendants properly bringing those failures to the Court's attention."  *Id*. at 27.  The Court finds that Judge Crews did not err in declining to consider the Archuleta County defendants' underdeveloped arguments regarding plaintiffs' failure to comply with Rule 8

and Rule 12.  *Elide Fire USA, Corp.*, 2022 WL 18777076, at *3.  The Archuleta County defendants' objection suggests that they intended to argue for the dismissal of plaintiffs' claims under both Rule 8 and Rule 12.  However, they did not object to Judge Crews's construing their argument to have been made under Rule 12, and their objection does not identify any other specific errors made by Judge Crews.  The Court finds that the Archuleta County defendants have waived their Rule 8 and Rule 12 arguments by inadequately presenting them to Judge Crews and insufficiently objecting to Judge Crews's recommendation.  *Anson*, 296 F. App'x at 520; *Sawyers*, 962 F.3d at 1286.  The Court will adopt the magistrate judge's recommendation on this issue.

### 2. Issue Preclusion

As discussed above, it is unclear under which Federal Rule of Civil Procedure the Archuleta County defendants filed their motion.  However, the Court determines that the appropriate standard of review for the Archuleta County defendants' issue preclusion argument is under Rule 12(b)(6).  *See Hudson v. Calvillo*, 2018 WL 1626262, at *5 (D.N.M. Mar. 30, 2018) (applying the Rule 12(b)(6) standard to defendant's issue preclusion argument); *Allco Renewable Energy Ltd. v. Kulkin*, 2020 WL 6397928, at *4 (D. Vt. Nov. 2, 2020) (finding that "[i]ssue preclusion . . . may be decided on a motion to dismiss" and applying the Rule 12(b)(6) standard).

The Archuleta County defendants do not point to any errors in Judge Crews's recommendation regarding issue preclusion.  Rather, they argue that "Plaintiffs should be precluded from see[k]ing relief" pursuant to claims one, two, four, and six.  Docket No. 51 at 3.  They assert that plaintiffs are not entitled to recover on these claims because these claims "are effectively seeking to relitigate previously decided issues, as

follows: (1) whether Plaintiffs have legal rights to the turnaround; and (2) whether the Archuleta Defendants can lawfully access the turnaround for public use."[3] *Id.* at 4.

Under the doctrine of issue preclusion, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). "[I]ssue preclusion bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." *Park Lake Res. Ltd. Liab. v. U.S. Dep't of Agr.*, 378 F.3d 1132, 1136 (10th Cir. 2004) (citation omitted). It is designed to prevent parties from wasting time and resources, and to discourage losing parties from shopping around for a different court. *See B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 140 (2015).

In general, issue preclusion applies when: (1) the issue previously decided is identical to the one presented in the action in question; (2) the prior action has been finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party to, or in privity with, a party to the prior adjudication; and (4) the party against

---

[3] It is unclear whether the Archuleta County defendants argue that the doctrine of issue preclusion or the doctrine of claim preclusion bars plaintiffs' claims. The two doctrines are distinct but overlapping. 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4406 (3d ed. 2023). The Archuleta County defendants repeatedly assert that plaintiffs' "claims" are barred by issue preclusion. *See*, *e.g.*, Docket No. 29 at 5. However, the property issues resolved in the state court case are distinct from the constitutional issues raised by plaintiffs' claims. The Court will consider the adequacy of the Archuleta County defendants' arguments presented to Judge Crews under the doctrine of issue preclusion because that is how they identify their argument and that is the subject of the case law they cite. Docket No. 29 at 5–6.

whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.  *Park Lake*, 378 F.3d at 1136.

In his recommendation, Judge Crews stated, "the Court cannot discern, *inter alia*, whether the claims brought in this lawsuit are identical with the ones presented in the State Case, or even if the State Case has been finally adjudicated on the merits. Moreover, it is unclear to the Court whether the State Case addressed Plaintiffs' claims that the case itself purportedly violated Plaintiffs' civil rights."  Docket No. 45 at 25. Judge Crews further indicated that no party provided copies of the state court's previous orders or the state case number.  *Id.*  Judge Crews determined that he was under no obligation to discover these details.  *Id.*  Although the recommendation discusses the prior "claims" pursued in the state court case, *id.*, the Court agrees that the absence of evidentiary support for the Archuleta County defendants' issue preclusion arguments frustrated Judge Crews's ability to determine what issues were finally adjudicated on the merits or how these issues preclude plaintiffs' civil rights claims here.  The Court finds that Judge Crews did not err in declining to consider the Archuleta County defendants' issue preclusion argument.  *See Thomas v. Parker*, 2008 WL 9356286, at *2 (W.D. Okla. May 27, 2008) ("Defendants have not undertaken the task of analyzing whether principles of issue preclusion apply to bar litigation of some or all Plaintiff's claims.  This Court, therefore, does not independently undertake that task.").

The Archuleta County defendants have attached the state court's August 30, 2021 and September 15, 2021 post-trial orders to their objection.  Docket Nos. 51-1, 51-2.  The objection does not otherwise draw a link between how the state court's resolution of the issue of adverse possession precludes the plaintiffs' claims for

violations of their federal constitutional rights under the Due Process and Takings Clauses.[4]  Appending the state court orders does not somehow alter the fact that the Archuleta County defendants did not properly present their issue preclusion argument to Judge Crews.  Nor does it add specificity to their overly general objection to the recommendation.  Under Rule 72(b), the Court has discretion to receive further evidence and declines to do so here.  Fed. R. Civ. P. 72(b)(3).  The Archuleta County defendants inadequately presented their issue preclusion argument to Judge Crews; they failed to specifically identify any error in Judge Crews's recommendation; and their objection provides no more clarity on how the previously litigated issues relate to plaintiffs' constitutional claims.  The Court finds that the Archuleta County defendants have waived their issue preclusion argument for purposes of their objection and will adopt the magistrate judge's recommendation on this issue.  *Anson*, 296 F. App'x at 520; *Sawyers*, 962 F.3d at 1286.

---

[4] The Court notes that no party presented an argument that the plaintiffs' claims are barred by the *Rooker-Feldman* doctrine in their motions to dismiss.  "Generally, the *Rooker–Feldman* doctrine precludes lower federal courts from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment."  *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010).  Judge Crews also noted the absence of this argument.  Docket No. 45 at 30–31 n.13.  Judge Crews determined that, "although it appears to this Court that [the doctrine] may be implicated, the Court cannot determine on this record whether the doctrine applies."  *Id.*  The Archuleta County defendants have since filed a motion to dismiss plaintiffs' claims under Rule 12(b)(1), arguing the *Rooker-Feldman* doctrine applies.  *See* Docket No. 52.  Because that argument is not part of the briefing on this recommendation, *see* Docket No. 45, the Court declines to consider the applicability of the doctrine at this time.

### 3.  Qualified Immunity

The Archuleta County defendants' objection appears to claim that they adequately invoked qualified immunity and therefore Judge Crews erred by not considering that invocation.  *See* Docket No. 51 at 7.

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  To survive a motion to dismiss under Rule 12(b)(6) "where a qualified immunity defense is implicated, the plaintiff 'must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights.'"  *Hale v. Duvall*, 268 F. Supp. 3d 1161, 1164 (D. Colo. 2017) (quoting *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249 (10th Cir. 2008)).  When a defendant raises the defense of qualified immunity, a "plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct."  *T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017) (internal quotation marks omitted).  Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case."  *Pearson v. Callahan,* 555 U.S. 223, 236 (2009).

The Archuleta County defendants' argument concerning qualified immunity in their motion to dismiss states as follows:

Plaintiffs cannot pursue Claims 1, 2, 4, 6, 7 and 8 against Archuleta County Defendants because they are entitled to qualified immunity. . . . Plaintiffs have failed to plead facts of any kind indicating that Archuleta County Defendants violated either their statutory or constitutional rights, much less that those rights were clearly established.  In fact, Plaintiffs appear to allege the opposite in their Complaint, conceding that: (1) the preceding landowner expressly consented to public use of the turnaround; (2) that they did not permanently obstruct access to the turnaround until 2017, eight years after the purchase of 86 Hummingbird Place, and; (3) it was previously decided that Plaintiffs' rights had not been violated, as the turnaround was lawfully acquired by the Defendants pursuant to Colo. Rev. Stat. § 43-2- 201(1)(c).  Furthermore, Plaintiffs' Complaint indicates that their alleged rights to the turnaround were indeterminate at best.  Plaintiffs admit that a dispute over legal ownership of the turnaround began in 2017, prompting a declaratory judgment action to be initiated by Archuleta County.  This action remained in litigation for several years before going to trial in 2021.  Undoubtedly, these facts demonstrate that Plaintiffs' alleged legal rights to the turnaround were not clearly established.

Docket No 29 at 7–8.  In his recommendation, Judge Crews determined that "whether the Complaint plausibly alleges that Plaintiffs' 'alleged legal rights to the turnaround' are clearly established is not the question for qualified-immunity purposes.  The question for qualified-immunity is whether the Complaint plausibly alleges the violation of a constitutional right that was clearly established."  Docket No. 45 at 29.  Judge Crews found that, because the Archuleta County defendants did not address this issue in their motion to dismiss, he would not attempt to construct the argument for them and declined to consider the issue.  *Id.*  The Court will consider de novo whether the Archuleta County defendants adequately raised the issue of qualified immunity.

Courts in other circuits have stressed that invocation of qualified immunity must be proper.  "It is well-settled that qualified immunity is an affirmative defense, and that 'the burden of pleading it rests with the defendant.'"  *Sales v. Grant*, 224 F.3d 293, 296 (4th Cir. 2000) (citing *Crawford–El v. Britton*, 523 U.S. 574, 586–87 (1998)).  "Thus, it is

16

only after a defendant in good faith pleads that she is entitled to absolute or qualified immunity . . . that the burden shifts to the plaintiff to rebut it." *Saenz v. G4S Secure Sols. (USA), Inc.*, 2015 WL 12964699, at *5 (W.D. Tex. July 6, 2015) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)) (quotations and alterations omitted).  In *Sales*, the Fourth Circuit found that, "[a]lthough [the defendants] technically pled their qualified immunity defense in their answers to the initial complaint, they never explained the legal or factual basis for their claim of qualified immunity . . . .  Indeed, their mention of qualified immunity in their answers consisted of only a single, cursory sentence on the matter."  224 F.3d at 296.  The court found this had "waived [the defendant's] right to press seriously their claim of qualified immunity."  *Id.*  The Fifth Circuit has found that mere "tangential[ ]" or "sporadic mention" of qualified immunity by a defendant is not enough to properly invoke its protection because it does not "fairly present" the issue to the district court.  *Kelly v. Foti*, 77 F.3d 819, 823 (5th Cir. 1996).  In the context of qualified immunity, the court stated that a "party must press, not merely intimate, an argument, in order to preserve it for appeal.  The raising party must present the issue so that it places the opposing party and the court on notice that a new issue is being raised."  *Id.* (citations omitted).

Other courts have found that invocation supported only by conclusory statements is insufficient to invoke qualified immunity.  The Second Circuit found that the defendants' single sentence assertion that they "were, at all times relevant to the amended complaint, government officials immune from suit under both the doctrines of absolute and qualified immunity" was a "bald assertion [that] provides no basis for a ruling in their favor."  *Shechter v. Comptroller of City of New York*, 79 F.3d 265, 270 (2d

Cir. 1996).  The court explained that "defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy." *Id.* (citation omitted).  Courts in the Northern District of Illinois have found that the defendants forfeited qualified immunity arguments under similar circumstances.  In *Logan v. City of Evanston*, the court found that the defendant's three-paragraph argument supporting qualified immunity was insufficient to invoke the doctrine's protection.  2020 WL 6020487, at *7–8 (N.D. Ill. Oct. 12, 2020).  The court noted that the first two paragraphs of the defendant's argument "simply state the law of qualified immunity."  *Id.* at *7.  "The only substantive discussion of the point by the [defendant] consists of a three-sentence paragraph" that was "unsupported and entirely conclusory." *Id.* at *8.  The court found that the defendants had therefore forfeited the argument for purposes of its motion to dismiss.  *Id.* (citing *United States v. Barr*, 960 F.3d 906, 916 (7th Cir. 2020)).  In *Brooks v. Kim*, the defendant's qualified immunity argument was even more perfunctory.  2023 WL 3346823, at *6 (N.D. Ill. May 10, 2023).  The court found that the defendant's "motion is insufficient to invoke qualified immunity as a basis for summary judgment.  His entire discussion of the point consists of one general quote regarding the law of qualified immunity followed by a single conclusory sentence that states, 'assuming the Court were to now find that Dr. Kim's action amounted to a constitutional invasion of privacy claim, there is no precedent such that Dr. Kim otherwise had notice such that qualified immunity is defeated.'"  *Id.*  The court found that, because the defendant's argument was "unsupported and entirely conclusory," he "forfeited the point."  *Id.*

Here, stripped of the inapposite arguments concerning state property rights and the short recitation of the law, the Archuleta County defendants' argument concerning qualified immunity consists of two sentences. "Plaintiffs cannot pursue Claims 1, 2, 4, 6, 7 and 8 against Archuleta County Defendants because they are entitled to qualified immunity. . . . Plaintiffs have failed to plead facts of any kind indicating that Archuleta County Defendants violated either their statutory or constitutional rights, much less that those rights were clearly established." Docket No. 29 at 7. These sentences are unsupported and conclusory. The Court finds the Archuleta County defendants failed to properly invoke the doctrine of qualified immunity in their motion to dismiss. As such, Judge Crews did not err in declining to consider this argument. Because the Archuleta County defendants have waived their qualified immunity argument for purposes of their objection, the Court will adopt the magistrate judge's recommendation on this issue. *Anson*, 296 F. App'x at 520; *Sawyers*, 962 F.3d at 1286.

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge S. Kato Crews [Docket No. 45] is **ACCEPTED**. It is further

**ORDERED** that Defendants' Objection to the Recommendation of the Magistrate Judge (Dkt. 45) on Defendants' Motion to Dismiss (Dkt. 29) [Docket No. 51] is **OVERRULED**. It is further

**ORDERED** that Defendant Wilson's Motion to Dismiss [Docket No. 11] is **GRANTED**. It is further

**ORDERED** that plaintiffs' claims against defendant Jeffrey R. Wilson both in his individual and in his official capacity are **DISMISSED with prejudice**.[5] It is further

**ORDERED** that La Plata County Defendants' Motion to Dismiss [Docket No. 13] is **GRANTED**.  It is further

**ORDERED** that plaintiffs' claims against defendants John Does 1–3, Sean Smith, and the Board of County Commissioners of the County of La Plata, in their respective official capacities, and against John Does 1–3 in their individual capacities, are **DISMISSED without prejudice**.[6]  It is further

**ORDERED** that plaintiffs' claims against defendant Sean Smith in his individual capacity are **DISMISSED with prejudice**.[7]  It is further

---

[5] The recommendation does not identify whether the claims against Judge Wilson should be dismissed with or without prejudice, nor does Judge Wilson's motion request dismissal with prejudice.  *See* Docket No. 45 at 12; Docket No. 11.  The Court will dismiss these claims with prejudice because Judge Crews found that Judge Wilson was entitled to absolute immunity in his individual capacity and that the Eleventh Amendment barred plaintiffs' claims against Judge Wilson in his official capacity.  *Glaser v. City & Cnty. of Denver*, No. 12-cv-00828-RBJ-KLM, 2013 WL 1397285, at *8 (D. Colo. Apr. 5, 2013) ("To the extent [absolute] immunity applies, a claim would be dismissed with prejudice.").

[6] The recommendation does not identify whether the claims against the La Plata County defendants should be dismissed with or without prejudice.  *See* Docket No. 45 at 23. The La Plata County defendants moved for dismissal with prejudice, and the plaintiffs failed to respond to the La Plata County defendants' motion.  Docket No. 13 at 14. However, "dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."  *Seale v. Peacock*, 32 F.4th 1011, 1027 (10th Cir. 2022) (citation and emphasis omitted). Because these claims are dismissed for failure to state a claim under Rule 12(b)(6) and not because of the defendants' qualified immunity, the Court will dismiss these claims without prejudice.

[7] The recommendation determined that defendant Sean Smith was entitled to qualified immunity and therefore the claims against him in his individual capacity should be dismissed with prejudice.  *Glaser*, 2013 WL 1397285, at *8.

20

**ORDERED** that the Motion to Dismiss [Docket No. 29] filed by defendants Todd Weaver, Warren Brown, Alvin Schaff, Ronnie Maez, and the Board of County Commissioners of the County of Archuleta is **DENIED**.

DATED January 9, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge